HELEN COHEN, Respondent, et al., Plaintiff, v. SAMUEL P. WEBER, Appellant, and ROBERT WOLFE, Appellant-Respondent.—

Concur — Stevens, P. J., Nunez, Tilzer and Eager, JJ. Steuer, J., dissents, in part, in the following memorandum: I agree with the majority in ordering a new trial as regards defendant Wolfe, but instead of ordering a new trial I would dismiss as against defendant Weber. The liability of this defendant was predicated on two grounds: that he did not properly supervise the work of his employee, Dr. Wolfe, and, secondly, that he himself did not insert a rubber dam in plaintiff's mouth. As to the first, the jury found that he was not negligent in that regard. As to the second, there was absolutely no proof that would base a claim for negligence. As explained by plaintiff's expert, the rubber dam is a

device designed to procure the maximum aseptic condition of a tooth being subjected to root canal procedure. According to the uncontradicted testimony, Dr. Weber's work on the tooth was preparatory only, and when he saw that root canal work was indicated he stopped and turned the patient over to Dr. Wolfe. No expert testified that a rubber dam at that stage was required or even advisable. Moreover, the absence of the dam was not the proximate cause of the accident. Plaintiff's condition did not result from a septic condition but because Dr. Wolfe dropped an instrument which went down her throat. True, had the dam been used its presence might well have checked the instrument, but that was neither its purpose nor a reasonably foreseeable consequence of its absence.